**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DCJ: HDM
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 6, 2024

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (BMC) (S-4)

Dear Judge Cogan:

The government respectfully submits this letter in response to the defendant Joaquin Archivaldo Guzman Loera's second and successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (see ECF No. 721) (the "Motion"). The Court previously denied the defendant's first habeas corpus application in its entirety. (ECF No. 717 (the "Order"). Significantly, because the Motion is a successive motion under 28 U.S.C. § 2255, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without a certification from the Second Circuit, under 28 U.S.C. § 2244, a second or successive application is not permitted. See id. Thus, because there is no certification here, the Court should transfer the case to the Second Circuit pursuant to 28 U.S.C. § 1631 for the Second Circuit to determine whether certification is warranted.[1] See United States v. Liriano, 95 F.3d 119, 123 (2d Cir. (1996).

Regardless, the Motion has no merit. In the Motion, the defendant rehashes arguments previously made before this Court, on appeal and in his prior motion to vacate his sentence and asserts baseless accusations against his own defense counsel and the government. Because the Motion fails procedurally and should be dismissed, the government will not address

[1] The government does not believe the defendant's arguments merit certification and intend to oppose certification before the Second Circuit.

each and every meritless argument in the Motion. As previously noted, many of the same arguments have been previously made and rejected by this Court and the Second Circuit. For example, the defendant contends that his defense counsel was ineffective for failing to object to purported misrepresentations by the government and the government's witnesses to the jury and the Court. The defendant, however, does not provide any evidence that or that "it is clear that everything that the prosecutor said in the opening statements was a lie" or that his "lawyers let the jury believe the government's lies and did nothing to defend Mr. Guzman." (See Motion at 6). "Courts routinely hold that where 'allegations with regard to alleged [sic] counsel's errors in pre-trial preparation and investigation and trial advocacy are 'vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source,'" ineffective assistance of counsel claims cannot be established. Foxworth v. United States, 2011 WL 3041057, at *4 (D. Conn. Jul. 25, 2011) (quoting Vasquez v. United States, 1997 WL 148812, at *12 (S.D.N.Y. Mar. 28, 1997)); see also Davison v. United States, 2001 WL 883122 at *8 (S.D.N.Y. Aug. 3, 2001) ("[B]lanket assertions against his trial counsel's performance in a self-serving affidavit," in the absence of objective evidence to support the petitioner's claim, were insufficient.).

For all these reasons, the Motion should be transferred to the Second Circuit.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Hiral D. Mehta
Hiral D. Mehta
Assistant U.S. Attorney
(718) 254-6418

cc: Clerk of Court (BMC) (via ECF and e-mail)
Joaquin Guzman Loera (via FedEx)